**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:10CR127 |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | |
| LEVI ALAN SMITH, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion to dismiss filed by defendant Levi Alan Smith (Smith) (Filing No. 21). Smith is charged in the Indictment with knowingly failing to register as a sex offender in the State of Nebraska as required by the Sex Offender Registration and Notification Act (SORNA) (Count I) in violation of 18 U.S.C. § 2250(a). Smith moves to dismiss the Indictment because: (1) Congress lacked the authority to enact SORNA under the Commerce Clause; (2) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for the implementation of SORNA; (3) the Attorney General's rules violated the Administrative Procedures Act, 5 U.S.C. § 553; (4) 18 U.S.C. § 2250 violated the ex post facto clause of the United States Constitution; (5) the Indictment violates Smith's rights under the Due Process Clause; and (6) SORNA impermissively encroaches upon state power under the Tenth Amendment. The government filed a brief (Filing No. 25) in opposition to Smith's motion. Smith requested an evidentiary hearing and oral argument on the motion.

On June 10, 2010, the court held an evidentiary hearing on the motion. Smith was present with his counsel, Assistant Federal Public Defender Richard H. McWilliams. Assistant United States Attorney Michael P. Norris represented the United States. During the hearing, the court received into evidence a criminal complaint (Exhibit 1). There was no further evidence presented.

## THE INDICTMENT
### COUNT I[1]

From on or about December 2009, and continuing thereafter, in the District of Nebraska, LEVI ALAN SMITH, a person required to register under the Sex Offender Registration Notification Act and a sex offender by reason of a conviction in the State of Iowa for Assault with Intent to Commit Sexual Abuse, a Class B Felony - Sexual Abuse 1st, did knowingly fail to register and update his sexual offender registration.

In violation of Title 18, United States Code, Section 2250(a).

**See** Filing No. 12.

## STIPULATION

The parties stipulated to the following facts for the purpose of this motion:[2]

Levi Alan Smith was convicted on October 21, 1999, for Assault with Intent to Commit Sexual Abuse, Iowa Code Section 709.11, in the Iowa District Court for Woodbury County. As a result of this conviction and under Iowa law, Smith is required to register as a sex offender for life. On February 12, 2007, Smith was arrested by the Sioux City Police Department for Failure to Register as a Sex Offender and was sentenced to two years suspended prison sentence and one year probation.

In January, 2010, Agent Scott Lamp of the Iowa Division of Criminal Investigations became aware of Smith during a sex offender compliance operation. During the operation, Agent Lamp went to Smith's registered address and learned Smith had moved to an unknown location. Agent Lamp contacted Smith at his place of employment in Sioux City, Iowa, on March 12, 2010. During a noncustodial interview, Smith advised Agent Lamp that

---

[1] During the hearing, the government conceded the Indictment was defective for failure to explicitly allege travel in interstate commerce and stated its intent to ask the grand jury to supercede the Indictment. Smith's counsel did not amend his motion to dismiss and limited his motion to the specific grounds set forth in his motion. Smith reserved his right to file a supplemental motion to dismiss in the event the Indictment was no superceded appropriately.

[2] The facts are set forth in the Criminal Complaint (Exhibit 1) and have been summarized by the government in its brief (Filing No. 25) on pages 3-5 as "Statement of Facts."

he moved from Rock Street, in Sioux City, Iowa, to 20th Street, in South Sioux City, Nebraska, in December, 2009. Smith admitted he had viewed the Iowa Sex Offender website and was aware he was listed as non-compliant. He further acknowledged he was aware he was required to register but had no good reason for failing to do so.

On March 16, 2010, Deputy United States Marshal Eric Mayo learned that Smith was a non-compliant sex offender who was residing at 20th Street, in South Sioux City, Nebraska. Smith last registered with the Iowa Sex Offender Registry stating he resided at Rock Street, in Sioux City, Iowa. On March 17, 2010, Deputy Marshal Mayo contacted the Iowa Sex Offender Registry who advised Deputy Mayo that Smith is required to register as a Sex Offender for life and is currently non-compliant with his registration. Deputy Mayo learned from Lieutenant Randy Walsh of the Dakota County Sheriffs Department that on March 15, 2010, Smith appeared at Lt. Walsh's office and voluntarily submitted to an oral interview. Lt. Walsh advised Smith of his Fifth Amendment rights, which he acknowledged and declined representation. Smith admitted to Lt. Walsh that he had moved from Rock Street, in Sioux City, Iowa, to 20th Street, in South Sioux City, Nebraska, in December 2009. Smith admitted he knew he was required to register and that he had previously been convicted for failing to register in Iowa in 2007. Smith stated he had no reason for failing to register. Based on this interview, Lt. Walsh arrested Smith for a Felony Sex Offender Violation.

Deputy Mayo contacted the Nebraska Sex Offender Registry on March 18, 2010. He was advised the Registry office had no record of Levi Smith.

## LEGAL ANALYSIS

Title I of the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act), P.L. 109-248 (2006), encompasses the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913. 18 U.S.C. § 2250 provides:

> § 2250. Failure to register
>
> (a)  In general. --Whoever--
>  (1)  is required to register under the Sex Offender Registration and Notification Act;

3

>    (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>        (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>        (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
>    shall be fined under this title or imprisoned not more than 10 years, or both.

Nebraska's Sex Offender Registration Act, Neb. Rev. Stat. § 29-4011, et seq., required Smith to register and update his registration through NSPSOR.

### 1. Commerce Clause

Smith asserts Congress lacked the authority under the Commerce Clause to enact SORNA citing *United States v. Lopez*, 514 U.S. 549 (1995) and its progeny. However, the Eighth Circuit has found SORNA to be a valid exercise of Congress' powers under the Commerce Clause by finding "SORNA derives its authority from each prong of *Lopez* – and most specifically, the ability to regulate 'persons or things in interstate commerce' and 'the use of the channels of interstate commerce.'" *United States v. May,* 535 F3d 912, 921 (8th Cir. 2008); **see also** *United States v. Hacker,* 565 F.3d 522 (8th Cir. 2009); *United States v. Howell*, 552 F.3d 709, 717 (8th Cir. 2009). In *Carr v. United States*, No. 08-1301, __ S. Ct. __, 2010 WL 2160783, at *10 (June 1, 2010), the Supreme Court recognized Congress' exercise of the Commerce Clause by stating: "Taking account of SORNA's overall structure, we have little reason to doubt that Congress intended § 2250 to do exactly what it says: to subject to federal prosecution sex offenders who elude SORNA's registration requirements by traveling in interstate commerce." SORNA survives scrutiny of Congress's powers under the Commerce Clause. Accordingly, Smith's claim of an unconstitutional exercise of power is without merit.

### 2. Impermissible Delegation of Authority

Smith argues Congress unconstitutionally abdicated its authority to enact legislation by delegating to the Attorney General the power to specify SORNA's applicability to sex offenders convicted prior to July 27, 2006. As in *May*, Smith lacks standing to raise such a challenge as Smith was not a person unable to register before SORNA's enactment and section 16913(d)'s authorization for the Attorney General to promulgate specified regulations. *May*, 535 F.3d at 921.

### 3. Violation of Administrative Procedures Act

Smith argues the Attorney General did not comply with the provisions of the Administrative Procedures Act (APA), 5 U.S.C. § 553, in promulgating the rule involving 42 U.S.C. § 16913(a) requiring sex offenders to register and keep their registration current. In confronting this issue, the Eighth Circuit stated:

> *May* held that a similarly situated individual did not have standing to challenge Congress's delegation of the authority to create the interim rule. **See** 535 F.3d at 920-21. Because we are bound by *May*, Hacker was not "unable to comply with" the provisions of § 16913(b) and he, therefore, is not personally affected by the interim rule. **See** *id.* at 921. We therefore conclude that Hacker lacks standing to challenge the interim rule on APA grounds.

*Hacker*, 565 F.3d at 528. Likewise, Smith lacks standing to challenge the Attorney General's compliance with APA.

### 4. Ex Post Facto

Smith asserts prosecution of him under the Indictment violates the ex post facto clause of the U.S. Constitution.[3] Smith's argument is misplaced as Smith is not charged with violating SORNA by being a sex offender, an offense which occurred prior to the enactment of SORNA. He is charged as a sex offender who failed to register as a sex offender after the enactment of SORNA. Furthermore, the Eighth Circuit determined the

---

[3] Article 1, § 9, cl. 3, United States Constitution.

enactment of SORNA was not an ex post facto violation. As in *May*, prosecution of Smith under the Indictment is not retrospective nor a violation of the ex post facto clause. *May*, 535 F.3d at 920. Smith's reliance upon the recent opinion in *Carr*, *supra*, is misplaced as unlike Smith, Carr traveled in interstate commerce prior to SORNA's enactment.

### 5. Due Process Violation

Smith argues prosecution of him under the Indictment would violate his rights under the Due Process Clause of the Fifth Amendment as such a prosecution would fail to provide Smith adequate notice and fair warning of criminal conduct citing *Lambert v. California*, 355 U.S. 225 (1957). The *Lambert* defense is unavailable where a defendant's claimed lack of awareness of a prohibition is objectively unreasonable. *United States v. Hutzell*, 217 F.3d, 966, 968 (8th Cir. 2000). Sex offender registration is not a new phenomenon. Smith was well aware of the registration requirement having been convicted for failing to register as a sex offender in 2007 in the State of Iowa and having admitted to Agent Lamp and Lt. Walsh that Smith knew he was required to register. **See** *United States v. Baccam*, 562 F. 3d 1197 (8th Cir. 2009); *May*, 535 F.3d at 921.

### 6. Tenth Amendment Violation

Smith asserts SORNA violates the Tenth Amendment by impermissibly encroaching on powers reserved to the states. As the Eighth Circuit held in *Hacker*,

> Here, Hacker challenges SORNA in his individual capacity; there is no plaintiff that represents a state or even its instrumentality. Thus, the "requisite representation by the states or their officers is notably absent." *Brooklyn Legal Servs.*, 462 F.3d at 234. And Hacker has not even argued that his interests are aligned with those of a state. Accordingly, we conclude that Hacker lacks standing to raise a Tenth Amendment challenge to SORNA and do not reach the merits of his argument.

*Hacker*, 565 F.3d at 527 (footnote omitted); **see** *United States v. Zuniga*, 579 F.3d 845, 851 (8th Cir. 2009). Likewise, Smith has no standing to challenge SORNA on Tenth Amendment grounds.

## CONCLUSION

Smith's motion to dismiss the Indictment should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Levi Alan Smith's motion to dismiss (Filing No. 21) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 15th day of June, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.