IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CR127 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| LEVI ALAN SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's objection, Filing No. 35, to the findings and recommendation of the magistrate judge ("F&R"), Filing No. 31. The magistrate judge recommended denial of the defendant's motion to dismiss, Filing No. 21. The defendant has been charged with a violation of the Sex Offender Registry and Notification Act ("SORNA"), 18 U.S.C. § 2250(a).[1]  See Filing No. 32, Superseding Indictment.[2] The superseding indictment charges that the defendant, having previously

---

[1]That statute provides:

(a) In general.--Whoever–

    (1) is required to register under the Sex Offender Registration and Notification Act;
    (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
    (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

[2]In the original indictment, the defendant was charged with knowingly failing to register and update his sexual offender registration, in violation of Title 18, United States, Code, Section 2250(a). The defendant's motion to dismiss was directed at the original indictment. At the hearing on the motion, the government conceded that the indictment failed to properly allege the element of travel in interstate commerce and stated its intention to file a superseding indictment alleging that element.  See Filing No. 31, Findings and Recommendation at 1 n.1 (noting government's concession that original indictment was defective for failing

been convicted in the State of Iowa of an offense requiring him to register as a sex offender, "travel[ed] in interstate commerce from Iowa to Nebraska, and knowingly failed to register as a sex offender in the State of Nebraska where he resided, as required by the Sex Offender Registration and Notification Act." Filing No. 32.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record including the transcript of the hearing on the motion to dismiss on June 10, 2010. *See* Filing No. 30, Transcript. The parties stipulated to facts for the purposes of the motion. *See id*. at 5. Those facts are set out in the affidavit to the criminal complaint that was admitted in evidence as Exhibit 1 at the hearing. *Id*. at 6. The facts are stated in the magistrate judge's F&R and need not be fully repeated here. Filing No. 31, F&R at 1-2. Briefly, the parties stipulate that the defendant was convicted of assault with intent to commit a sexual offense in 1999, was required to register as a sex offender under both Iowa and Nebraska law and moved his residence from Sioux City, Iowa, to South Sioux City, Nebraska, in December of 2009. The Nebraska sex-offender registry had no record of the defendant in March 2010.

In his motion to dismiss, the defendant challenges SORNA on several grounds. He argues that SORNA violates the Due Process Clause, the Ex Post Facto Clause, the Commerce Clause, the Tenth Amendment, and the Administrative Procedure Act, and

---

to allege travel and defendant's reservation of rights to file a supplemental motion to dismiss); Filing No. 30, Transcript at 7-8. The superseding indictment was filed on June 23, 2010, and the defendant filed his objections to the findings and recommendations of the magistrate judge on June 29, 2010. Filing No. 32, Superseding Indictment; Filing No. 35, Objections. The defendant's challenges to the statute apply to the superseding indictment as well as to the original and the court will consider the defendant's arguments in the context of the superseding indictment in conducting its de novo review.

contends that it is an impermissible delegation of authority. The court agrees that Smith's arguments are foreclosed by Supreme Court and Eighth Circuit precedent. *See Carr v. United States*, 130 S. Ct. 2229, 2236 (2010) (holding that SORNA does not extend to preenactment travel—"Once a person becomes subject to SORNA's registration requirements, which can occur only after the statute's effective date, that person can be convicted under § 2250 if he thereafter travels and then fails to register" and stating that this sequential reading of the statute's elements "helps to assure a nexus between a defendant's interstate travel and his failure to register as a sex offender"); *United States v. May*, 535 F.3d 912, 919 (concluding SORNA does not violate the Ex Post Facto Clause or the Commerce Clause, stating that a defendant who is not a person unable to register before SORNA's enactment lacks standing to raise impermissible delegation or APA-based challenge, and finding no due process violation when a defendant knows of his obligation to register); *United States v. Hacker*, 565 F.3d 522, 527 (8th Cir. 2009) (an individual defendant lacks standing to challenge SORNA under the Tenth Amendment). For the foregoing reasons, and because the superseding indictment charges the defendant with traveling in interstate commerce in December 2009, well after SORNA was enacted, the court finds the defendant's motion to dismiss the superseding indictment should be denied. Accordingly,

IT IS ORDERED:

1. The defendant's objection (Filing No. 35) to the findings and recommendation of the magistrate judge (Filing No. 31) are overruled.

2. The magistrate judge's findings and recommendation (Filing No. 31) is adopted.

3.   The defendants motion to dismiss (Filing No. 21), construed as a motion directed to the superseding indictment (Filing No. 32), is denied.

DATED this 16th day of July, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.